UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JESSTIN LAVELLE LOTTIE,

    Plaintiff,

    v.   CAUSE NO. 3:24-CV-665-GSL-JEM

SUPERIOR CT 8, et al.,

    Defendants.

## OPINION AND ORDER

Jesstin Lavelle Lottie, a prisoner without a lawyer, filed a complaint. ECF 1. Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Lottie is currently incarcerated at the St. Joseph County Jail after recently having been found guilty by a jury of his peers of reckless homicide, admitting to a felony firearm sentencing enhancement, and being sentenced to five years plus an enhancement of ten years for a total fifteen-year sentence in the Indiana Department of Correction. *See Indiana v. Lottie*, cause no. 71D08-2303-MR-000004, St. Joseph Superior Court 8 (Amended Judgment of Conviction and Sentencing Order - filed June 20, 2024), available online at: https://public.courts.in.gov/mycase (last visited Aug. 21, 2024).[1] Lottie previously pled guilty to and was convicted of resisting law enforcement, possession of marijuana, and unlawful carrying of a handgun where he was sentenced to an eighteen-month suspended sentence. *See Indiana v. Lottie*, cause no. 71D08-2209-F6-000762, St. Joseph Superior Court 8 (Judgment of Conviction and Sentencing Order - filed January 18, 2023), available online at: https://public.courts.in.gov/mycase (last visited Aug. 21, 2024). Lottie alleges the court in the reckless homicide case violated his due process rights by not considering his arguments related to the gun enhancement. He claims he was "not knowledgeable of [his] full rights and amendments." ECF 1 at 2. He believes this should have resulted in a mistrial and that "if he was properly educated before trial and proceedings his sentencing would have been different in

---

[1] The court is permitted to take judicial notice of public documents in screening the complaint. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."); *Mosley v. Ind. Dep't of Corr.*, No. 22-2722, 2024 WL 1651902, at *2 (7th Cir. Apr. 17, 2024) ("Proceedings in state court are proper subjects of judicial notice.").

nature." *Id*. at 3. He feels that he was coerced into the guilty plea and sentence.[2] Lottie has sued the Superior Court 8, the State of Indiana, and the State of Indiana Prosecutor in this case, and he has asked this court to "overturn the decision." *Id*. at 4.

Lottie does not state a claim upon which relief can be granted. He cannot use 42 U.S.C. § 1983 to challenge his state conviction, and instead, the sole means of challenging a state conviction in federal court is through the habeas corpus statute. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Additionally, he cannot pursue a claim in this civil case based on an allegation that he is innocent, that the evidence against him was insufficient, or that his constitutional rights were violated during his trial, because such claims necessarily imply the invalidity of his conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). These claims cannot be brought unless and until his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. There is no indication from either his complaint or public records that this has occurred. To the contrary, public records reflect that he has not filed an appeal or habeas petition in either of the cases mentioned. Therefore, his claims are subject to dismissal without prejudice. *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011) (claims barred by *Heck* must be dismissed without prejudice).[3]

---

[2] Of note, the state court docket indicates he was represented by an attorney at all relevant stages of the case.

[3] In a conclusory fashion, Lottie also states, "The State Prosecutors and state appointed public defender conspired to commit misimprisonment (sic) with a[n] intent to wrongfully indict." ECF 1 at 2. Even if Lottie's complaint could be construed extraordinarily broadly to allege some sort of malicious prosecution or conspiracy type claim, it would still need to be dismissed. *See e.g., Heck*, 512 U.S. at 486–87

3

Ordinarily, "[l]eave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). The court has considered the fact that "[t]he favorable-termination rule [in *Heck* and *Thompson v. Clark*, 596 U.S. 36 (2022)] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . .. Rather, it is grounded in substantive concerns about allowing conflicting judgments." *Morgan v. Schott*, 914 F.3d 1115, 1120 (7th Cir. 2019). There is no basis to conclude that if given another opportunity, Lottie could assert plausible claims—consistent with those he has already made under penalty of perjury—related to his outstanding criminal conviction(s) that would not be barred by *Heck/Thompson*.

---

(plaintiff cannot obtain an award of damages for wrongful incarceration or pursue any other claim that would necessarily imply the invalidity of his conviction unless it is reversed on direct appeal, expunged, or otherwise declared invalid); *see also Thompson v. Clark*, 596 U.S. 36, 44 (2022) (federal claims for malicious prosecution brought pursuant to 42 U.S.C. § 1983 require that the prosecution was terminated in favor of the accused); *Mockbee v. Lee*, no. 20-2004, 2021 WL 5918556, at *1 (7th Cir. Dec. 15, 2021) (claim that state prosecutors, the judge, and the court reporter conspired to violate the plaintiff's constitutional rights by tampering with the evidence and the docket were barred by *Heck*); *Crowder v. Barrett*, no. 22-1899, 2023 WL 3145312, at *4 (7th Cir. Apr. 28, 2023) ("Finally, to the extent that [the plaintiff] intends to argue that he was unfairly prosecuted, that argument must fail because his robbery charge ended in a conviction that has not been overturned.") (citing *Thompson*, 596 U.S. at 49)).

For these reasons, this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A for failure to state any claims that are not barred. The clerk is DIRECTED to close the case.

SO ORDERED on    August 22, 2024

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT